[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This case is on remand from an order of the Supreme Court upholding judgment in favor of Rahmat A. Niazmand (Tenant) against McKendall Land Co., Inc. (Landlord) in an action for unpaid rent, and upholding judgment in favor of Landlord against Tenant on a counterclaim for expenses that Tenant incurred in repairing rental property owned by Landlord. Jurisdiction in this Court is pursuant to R.I. Gen. Laws 1956 (1986 Reenactment) §9-12-10.1.
FACTS AND TRAVEL
On August 11, 1989, Landlord and Tenant entered into a lease agreement involving property owned by Landlord, located at 519 Charles Street in Providence, Rhode Island. The agreement provided that Tenant would pay monthly rent in the amount of four-hundred dollars ($400.00), or monthly rent of three-hundred dollars ($300.00) plus visible improvements to the exterior or interior of the premises.
Landlord, who alleges that Tenant has failed to pay rent since December of 1989, seeks an eviction. Tenant claims that he is not obligated to pay rent on the grounds that he has expended thousands of dollars repairing the property in order to put it in habitable condition. Tenant counterclaims against Landlord for the expenses incurred for said repairs.
This dispute was litigated in the Sixth Division District Court of Rhode Island, Thompson J., presiding. F.D. McKendallLand Co., Inc., v. Niazmand, C.A. No. 90-5337 (6th Div. R.I. Dist. Ct. 1991). In that proceeding, the court found for the Landlord, and denied Tenant's counterclaim. Tenant appealed the District Court ruling to this Court. On March 4, 1991, in a written decision, this Court found that the property was uninhabitable when rented, and therefore Tenant was justified in not paying rent and was not liable to Landlord for any arrearage. Judgment was also rendered in Landlord's favor on Tenant's counterclaim.
Both parties appealed to the Supreme Court. After oral arguments on December 6, 1991, the Supreme Court upheld this Court's ruling with respect to the issues of eviction, past rent, and reimbursement. The Supreme Court did find, however, that certain important issues were left unaddressed, and accordingly remanded the matter back to this Court for further proceedings. The Supreme Court instructed this Court to address the following issues: "(1) when, if at all, is the [Tenant] obligated to commence payment of rent; (2) if [Tenant] commences payment of rent, what amount should be paid; and (3) if [Tenant] continues to refuse to pay rent, when should he be evicted from the premises." F.D. McKendall Land Co., Inc., v. Niazmand, No. 91-240-Appeal (December 21, 1991). In accordance with the Supreme Court order, this Court addresses these issues herein.
I.
This Court now turns to Tenant's rent obligation with respect to the condition of the premises. Rhode Island General Laws 1956 (1984 Reenactment) § 34-18-29 governs landlords' obligations relative to the delivery of rental property. The section provides in pertinent part:
 Failure to deliver possession. — (a) if the landlord fails to deliver possession of the dwelling unit to the tenant as provided in § 30-18-21, rent abates until possession is delivered . . .
Section 34-18-21 provides in pertinent part:
 Landlord to deliver possession of dwelling unit.
— At commencement of the term a landlord shall deliver possession of the premises to the tenant in compliance with the rental agreement and § 30-18-22. . .
Section 30-18-22 provides in pertinent part:
 Landlord to maintain premises. — (a) A landlord shall:
 (1) comply with the requirements of applicable building and housing codes affecting health and safety;
 (2) make all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition; . . .
 (4) maintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating, air conditioning and other facilities and appliances . . .
 (5) provide and maintain appropriate receptacles and convenience for the removal of ashes, garbage, rubbish and other waste incidental to the occupancy of the dwelling unit . . .
The pertinent provisions of the Providence City Code, applicable to building and housing codes affecting health and safety, are as follows:
 Sec. 13-88. Designation of unfit dwellings.
 Any dwelling, dwelling unit or structure which shall be found by the director to have any of the following defects shall be condemned as unfit for continued occupancy and human habitation . . .
 (a) . . . is so lacking in sanitation, heating, lighting or ventilation facilities that it creates a serious hazard to health or safety of the occupants or of the public.
 (b) . . . because of its general condition . . . is so unsanitary . . . or otherwise dangerous or detrimental that it creates a serious hazard to the health or safety of the occupants or of the public . . .
 (c) . . . is so decayed, damaged, dilapidated, insanitary, unsafe or infested that it creates a serious hazard to the health or safety of the occupants or of the public.
At the time Tenant assumed occupancy of the subject property, by Landlord's own admission, the condition of the premises was "deplorable." See Statement of Plaintiff, page 1 (C.A. No. 91-0240, submitted and signed by council on May 31, 1991). The Landlord further described the property as follows:
 There were spider webs hanging from ceiling; dirt all over the floor in the basement, so much dirt that it had to be shoveled; windows broken; window frames stapled with plastic cover; no kitchen facilities nor were there any shower facilities. In short, the condition of the building was such that the building could not be used for anything in its present condition without a great deal of work. Id. (Landlord adopting Tenant's trial testimony regarding condition of property upon delivery).
This statement, in addition to Tenant's testimony at trial, convinces this Court that the Landlord delivered to Tenant possession of property, that did not comply with the applicable building and housing code provisions that affect health and safety, as required by R.I. Gen. Laws 1956 (1984 Reenactment) § 30-18-22. Therefore, pursuant to §§ 30-18-21 and 30-18-29, rent for said property abates until such time as the condition of the property is brought within compliance with the relevant City Code provisions.
This Court now has the task of determining the point in time at which Tenant's responsibility for payment of rent commences. That point in time is the moment at which the premises becomes habitable, if in fact it does. To date, this Court is not satisfied that the property is habitable. Tenant has produced testimony that he has made improvements to the property since commencement of his occupancy. If the property is now habitable, no evidence has been presented to this Court that indicates the point in time at which the property became habitable.
Therefore, this Court finds that in order for the Landlord to become entitled to payment of rent, he must obtain from the appropriate city official, a written statement certifying that the property is habitable for human-beings. See ProvidenceCity Code, Sec. 13-93 (approval required for occupancy after condemnation and placard). Although the subject property has not been deemed uninhabitable by the City of Providence, considering the lack of evidence before it relative to habitability this Court is not prepared to find that property is habitable absent certification by the proper municipal authority.
Furthermore, until said certification is obtained, rent shall continue to abate, and Tenant is not obligated to pay the Landlord past rent. However, upon receipt by Landlord of the required certification, Tenant's obligation to pay rent will commence.
II.
The amount of rent that Tenant must pay upon Landlord's receipt of the required certification depends on the rights and obligations of the parties with respect to the terms of the lease. The lease essentially contained three provisions: (1) the period of the lease was three years, (2) Tenant was to pay $400 monthly rent, or in the alternative, (3) Tenant was to pay $300 monthly rent plus make visible improvements to the interior or exterior of the premises. According to Landlord's own admissions, the property was deplorable and could not, without a great deal of work, be used for anything in its present condition. SeeStatement of Plaintiff, page 1 (C.A. No. 91-0240, submitted and signed by council on May 31, 1991); supra Section I, herein, (discussion of premises' condition upon commencement of occupancy). Therefore, this Court finds that the improvements that the parties, pursuant to the third provision of the lease, agreed would be made by Tenant in exchange for a rent reduction to $300, were necessary to bring the property into habitable condition, as required by the applicable building and housing codes affecting health and safety. See Providence City Code,
Sec. 13-88.
Such a lease provision, however, is expressly prohibited by R.I. Gen. Laws 1956 (1984 Reenactment) § 34-18-22 (c)(2), which provides in pertinent part:
 (c) The landlord and tenant of a dwelling unit may agree in writing that the tenant perform specified repairs, maintenance tasks, alterations and remodeling but only if . . .
 (2) the work is not necessary to cure noncompliance with [the requirements of applicable building and housing codes affecting health and safety] . . .
The third provision in the lease clearly violates this statute, and is unenforceable. R.I. Gen. Laws 1956 (1984 Reenactment) §34-18-17(b) (agreements to waive rights or remedies under this chapter are unenforceable). The remainder of the lease, however, remains valid. Accordingly, both parties are hereby obligated as follows. For the remainder of the lease period, Tenant is required to make monthly rental payments of $400, and Landlord is required to comply with the provisions of Rhode Island General Laws Title 34, Chapter 18, in accordance with this decision.
III.
This Court now addresses Landlord's right to evict Tenant. With respect to Tenant's occupancy in the interim, although Landlord has not proven that the property is habitable, based on Tenant's testimony regarding the improvements he made to the property, this Court is not prepared to find that the property remains uninhabitable. Based on Tenant's testimony relative to the improvements that he has made to the property, this Court is not convinced that it is uninhabitable and therefore will neither order that Tenant vacate, nor permit Landlord to maintain eviction proceedings.
However, if upon Landlord's receipt of the required certification of habitability Tenant fails to commence rental payments, Landlord may initiate eviction proceedings pursuant to R.I. Gen. Laws 1956 (1984 Reenactment) § 34-18-35.
IV.
In his counterclaim, Tenant claims entitlement to reimbursement from Landlord for the repairs that he made to the premises. Tenant proposes to set off the cost of the repairs against rent payments to Landlord. Consistent with this Court's decision of March 4, 1991, and the order issued by the Supreme Court on December 21, 1991, this Court finds that Tenant is not entitled to reimbursement for improvements to the subject property. The reasons for this finding are as follows.
R.I. Gen. Laws 1956 (1984 Reenactment) § 34-18-30, provides very limited circumstance whereby a tenant is entitled to reimbursement for self-help repairs. This section provides in pertinent part:
 Self-help for limited repairs. — (a) If the landlord fails to comply with subsection (1), (2), (4), (5), or (6) of § 30-18-22(a), and the reasonable cost of compliance is less than one hundred and twenty-five dollars ($125), the tenant may cause repairs to be done in a workmanlike manner, in compliance with applicable state law and local codes, and deduct from his or her rent the actual and reasonable cost or the fair and reasonable value of the repairs if . . .
Tenant clearly did not comply with the terms of this statute. As Tenant's expenditures far exceeded the one hundred and twenty-five dollars limit set forth in this statute, same are beyond the scope of its rent set-off provision. Therefore, Landlord is not obligated to reimburse Tenant for said repair, either directly or through rent abatement.
V.
For the reasons set forth herein, this Court makes the following findings, in response to the Supreme Court order issued on December 21, 1991:
 (1) Tenant is obligated to pay rent upon Landlord obtaining from the City of Providence certification that the subject property is fit for human habitation.
 (2) Upon Landlord obtaining said certificate, Tenant is obligated to pay monthly rent in the amount of four-hundred dollars ($400.00), for the remainder of the lease period.
 (3) If upon Landlord's receipt of said certificate Tenant fails to make said monthly rent payments, Landlord may commence eviction proceedings, forthwith.
Council shall prepare an appropriate order consistent with this decision.